J. Edward Kerley (175695)
Dylan L. Schaffer (153612)
Nicholas J. Peterson (287902)
**Kerley Schaffer LLP**
1939 Harrison Street, Suite 900
Oakland, California 94612
Telephone: (510) 379-5801
service@kslaw.us

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY HERNANDEZ,** an individual, and **SAMSON DALLAS SHAKE**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**STATE FARM GENERAL INSURANCE COMPANY,** an Illinois corporation, and **DOES 1 through 10**,<br><br>Defendants. | Case No.: 5:26-cv-1831<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

1

Plaintiffs ASHLEY HERNANDEZ and SAMSON DALLAS SHAKE (Plaintiffs) allege the following:

## PARTIES

1. Plaintiffs are informed and believe that Defendant STATE FARM GENERAL INSURANCE COMPANY (State Farm) is an Illinois corporation authorized and licensed to do business in the State of California as an insurance company.

2. Plaintiffs reside in Monterey County, California.

3. Plaintiff ASHLEY HERNANDEZ was disabled at all relevant times concerning the underlying dispute in this action, and will remain disabled at the time of trial.

4. Plaintiffs are unaware of the names and capacities of DOES 1 through 10 (hereafter collectively, "DOES").

5. DOES were employees and agents of one another and were acting within the course and scope of their express and/or apparent authority or were acting independently. Each DOE defendant is, in some manner, responsible for the damages alleged.

## JURISDICTION AND VENUE

6. Plaintiffs bring this complaint under federal diversity jurisdiction pursuant to 28 U.S.C. section 1332, as the Parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

7. State Farm is a corporate entity that can sue and be sued in its common name and is licensed by the California Department of Insurance to conduct the business of selling homeowners' and other insurance policies throughout the entire State of California. On information and belief, State Farm sells insurance policies throughout the entire State of California and generates revenue from these activities, including in the Northern District of California.

8. Pursuant to 28 U.S.C. sections 1391(c)(2) and 1391(d), State Farm is a resident of the Northern District of California. Venue in this district is proper pursuant to 28 U.S.C. section 1391 because (1) State Farm conducts business within the Northen District of California and is subject to this Court's personal jurisdiction because of State Farm's business operations within

the Northern District of California and (2) the subject property is in the Northern District of California, and a substantial part of the events or omissions on which the claim is based occurred in the Northern District of California.

## STATEMENT OF FACTS

9. Plaintiffs own the real property and contents located at 1270 Military Avenue, Seaside, California (Property).

10. State Farm sold Plaintiffs a policy of insurance, identified as policy number 57-EW-E367-0 (Policy) insuring all risks of loss at the Property.

11. The Policy provided coverage, among other things, for: dwelling repairs ($618,700), extended dwelling coverage ($309,350), ordinance and law coverage ($309,350), personal property/contents ($464,025), and loss of use ($185,610).

12. While the Policy was in effect, on or about March 8, 2025, the Property and contents suffered damage, and the Property became uninhabitable, due to a sudden and accidental failure of a water supply line in and around Plaintiffs' bathroom.

13. Plaintiffs provided prompt notice to State Farm of the damage and satisfied all other conditions precedent to coverage under the Policy.

14. The loss was covered under the Policy.

15. When Plaintiffs first notified State Farm that a supply line had burst in or around their bathroom, Plaintiffs were not aware of the precise location of the line failure which was located in the area below the bathroom floor adjacent to the slab.

16. State Farm assigned claim number 05-81N1-61P to the loss.

17. In violation of its obligation under 10 CCR §2695.7(d) to conduct a thorough, objective, and fair investigation of the claim, State Farm performed no inspection of the property, nor did it retain a plumber, leak detection company, engineer, or contractor, to determine the location, cause, or scope of the supply line failure.

18. Plaintiffs retained a plumber who demolished an area of the floor in the wall of the bathroom and determined the cause of the water intrusion to be a vertical pipe just below the dirt located laterally to the slab.

19. Plaintiffs submitted the plumber's determination to State Farm, along with photographs and videos of the site of the loss.

20. State Farm denied the claim on March 31, 2025. The denial letter based the denial entirely on the policy exclusion for water "below the surface of the ground."

21. In its denial letter, although State Farm had never retained a licensed building professional to determine the location, cause, or scope of the supply line failure, and despite the findings of Plaintiffs' retained plumber, State Farm's adjuster informed Plaintiffs of its conclusion that "[o]ur investigation and evaluation of your loss has determined that your damage is not covered by your policy. The pictures and videos that were sent in confirms (sic) the pipe break was below the slab."

22. However, as determined by Plaintiffs' retained plumber, the vertical pipe that was the source of the water intrusion was not below the slab, but rather laterally adjacent to it.

23. The policy excludes losses caused by "water," including "water below the surface of the ground, including water that exerts pressure on, or seeps or leaks *through a building structure,* …"

24. The policy defines "building structure" to include "a. the foundation supporting the structure, including: (a) slabs … and (5) gravel, stone, or sand used as fill material and located not more than 12 inches directly below the slab described in item a.(1), including water lines, domestic water pipes, and sewer pipes located within this fill material …."

25. In the past decade, State Farm has previously and baselessly denied at least thousands of homeowners' water loss claims on the theory that supply line failures in plumbing lines it alleges are located below the slab foundation of a home are excluded under the "water below the surface" exclusion.

26. However, as of March 2025, the time of this claim, State Farm knew that its position regarding "water below the surface of the ground" was wrong because its view was expressly rejected in a published opinion of the Federal District Court of the Eastern District of California in *Varela v. State Farm General Insurance Company,* 555 F.Supp.3d 983 (E.D. Cal. 2021).

27. Even if State Farm had located the failed line and regardless of whether it was above, below or adjacent to the slab, State Farm was aware at the time of its denial of Plaintiffs' claim that, under the governing law of California, water that escaped from a failed plumbing line is not water "below the surface of the ground" and thus was aware at the time of its denial of Plaintiffs' claim that its denial was improper.

28. After the denial, Plaintiffs requested State Farm further investigate the loss, inspect the property and withdraw its full denial of the claim. Plaintiff ASHLEY HERNANDEZ also informed State Farm of her disability and the impact of State Farm's wrongful denial on her condition.

29. State Farm ignored the request to inspect and refused to reconsider or withdraw its denial.

30. State Farm's refusal to reinspect and reconsider the accuracy of its full denial was unreasonable malicious.

31. State Farm failed to satisfy its obligation under 10 CCR §2695.7(b)(1) to provide Plaintiffs with a detailed explanation for its denials of Plaintiffs' claim, failing, for example, to include a statement of factual findings supporting the denials.

32. State Farm failed to retain any competent, licensed building professional to determine the cause of Plaintiffs' losses, thus denying the claims without sufficient knowledge of the cause of the loss.

33. State Farm denied Plaintiffs' water loss claims maliciously, knowing that in fact the water loss claim was covered under the Policy.

**STATE FARM'S INSTITUTIONAL PRACTICES RELATING TO THE INVESTIGATION AND ADJUSTING OF WATER LOSSES**

34. In or about 2016, State Farm received a report from one or more outside retained consultants that were hired for the purpose of designing strategies to reduce its claims expenses and indemnity across its California property claims.

35. As the result of reporting from one or more of those outside consultants, State

5

Farm concluded it was spending too much money investigating and paying water losses in California.

36. As a result of those findings, State Farm instituted a Water Initiative or Water Forum which employed various tactics to reduce its claims expenses and indemnity in California water losses, including but not limited to the following:

a. State Farm dramatically reduced the authority of adjusters handling water losses to ensure additional scrutiny of larger losses by senior adjusters and managers;

b. State Farm held Water Initiative seminars across California to reinforce its coverage positions and to encourage aggressive application of policy exclusions relating to water losses;

c. State Farm trains its adjuster and managers to aggressively apply policy exclusions that apply to water losses;

d. State Farm discourages its adjusters and managers from hiring competent licensed building professionals to investigate water losses to determine the true cause of loss;

e. When it hires experts, State Farm repeatedly relies on the same small group of experts and vendors who can be relied upon to provide State Farm cover for its improper and unjustified claim denials;

f. State Farm knowingly, deliberately, and routinely denies covered water losses without justification based on improper and inapplicable interpretation of exclusions in its property policies; and

g. State Farm, which is a quasi-fiduciary as relates to its California customers, is the largest carrier in California, ignores judicial findings, complaints to the state Department of Insurance by its customers, and lawsuits, all of which show that State Farm is engaged in a scheme to improperly underpay and deny water loss claims in California by settling those cases, and failing to properly mitigate by failing to educate, train, and guide its adjuster and managers regarding the existence of such judicial findings, DOI complaints, and lawsuits.

37. State Farm is and has been for at least 10 years engaged in an intentional, institutional, and unlawful pattern and practice of failing to competently investigate water losses, and unreasonably and maliciously denying water loss claims it knows to be covered.

38. State Farm has repeatedly been found to have acted in bad faith by California juries for these practices but has not modified its claims practices because of their immense profitability.

**FIRST CAUSE OF ACTION – INSURANCE BAD FAITH**

39. Plaintiffs incorporate by reference the preceding paragraphs as though they were fully set forth in this First Cause of Action against all Defendants.

40. State Farm and DOES breached the implied covenant of good faith and fair dealing by:

    a. Misrepresenting and failing to explain coverage under the California Form Policy in violation of California Insurance Code §790.03(h)(1) et seq. and 10 CCR §§2695.4(a);

    b. Failing to conduct a thorough, fair, and objective investigation of all the bases of Plaintiffs' claim in violation of 10 CCR §2695.7(d);

    c. Unreasonably and maliciously denying coverage for a claim State Farm knew was covered under the Policy;

    d. Violating 10 CCR §2695.7(b)(1) by failing to provide Plaintiffs with a detailed explanation for its denials of Plaintiffs' claim;

    e. Unreasonably and without justification failing to pay the reasonable amounts owed under the Policy for the loss and damage to Plaintiffs' dwelling and contents and for loss of use, in violation of Insurance Code §§790.03(h)(5) and 2051, and in violation of 10 CCR §2695.7(g);

    f. Failing and refusing to consider evidence, inspect the loss, and reconsider the accuracy of its denial decision despite Plaintiffs providing incontrovertible proof that State Farm's investigation of the loss was incompetent and that the loss was covered

under the Policy; and

  g. Violating Insurance Code §790.03(h)(6) by requiring Plaintiffs to obtain counsel and file suit to obtain amounts owed to Plaintiffs under the Policy, including but not limited to benefits for dwelling repairs, repair or replacement of contents, and loss of use.

41. Plaintiffs suffered harm, and State Farm's and DOES' failure to pay policy benefits was a substantial factor in causing Plaintiffs' harm.

42. As a direct and proximate result of State Farm's and DOES' beach of the covenant of good faith and fair dealing, by failing to pay benefits owing to Plaintiffs under the Policy, Plaintiffs lost insurance contract benefits, incurred attorneys' fees and costs, and the costs of experts retained to investigate the loss, and sustained additional consequential damages including emotional distress and increased costs of construction.

43. In committing the acts alleged above, State Farm and DOES acted intentionally and with fraud, malice and/or oppression in that State Farm and DOES knowingly and intentionally violated Plaintiffs' rights under the California Form Policy for the purpose of depriving Plaintiffs of the payment of insurance policy benefits. Plaintiffs are therefore entitled to exemplary damages in an amount in accordance with the evidence introduced at trial.

44. In addition to the evidence of intentionality set forth above, exemplary damages are awardable because of State Farm's pattern and practice in California of knowingly and intentionally, because of a plan to avoid claims costs and indemnity relating to covered water losses in California:

  a. Failing to thoroughly and objectively investigate water losses;

  b. Failing to issue valid denial letters explaining State Farm's denial decisions; and

  c. Knowingly denying covered water losses.

45. Suzy Own, Danielle Wipf, the team and section manager, and others unknown to Plaintiffs, individually or in some combination, engaged in, authorized, and/or ratified all aspects of State Farm's and DOES' investigation and coverage determination on Plaintiffs' claim. In

doing so, each of these State Farm employees and/or authorized agents was acting within the scope of their contractual duties and/or duties of employment and had the requisite authority to pay or deny claims for benefits under California Civil Code §3294.

## ESTOPPEL AND WAIVER

46. As of March 31, 2025, State Farm had denied Plaintiffs' claim in its entirety based on its incompetent investigation.

47. Thereafter, having been presented with incontrovertible evidence from a building professionals that the loss was covered under the Policy, and following Plaintiffs' request that State Farm withdraw the denial, reinspect, reconsider its full denial, and afford coverage, State Farm refused to reconsider the evidence or its denial, refused to inspect, and reaffirmed its full denial, thus paying no benefits for remediation, repairs, or loss of use.

48. Under the circumstances, Plaintiffs were left with no choice but to proceed without assistance or input from State Farm.

49. State Farm's full denial of the loss on or about March 31, 2025, and its confirmation of the denial despite receipt of information which uniformly demonstrated that its denial was wrong, resulted in State Farm's forfeiture, waiver, and acts as an equitable estoppel, of:

    a. All policy conditions precedent to coverage; and

    b. Reliance by State Farm in the claim or this action on any alternative basis for denial.

50. State Farm waived, has forfeited, and is equitably estopped from asserting all policy conditions precedent to coverage, and all other defenses to coverage, because State Farm's violation of the statutes and regulations set forth above amounted to misconduct.

51. State Farm waived, has forfeited, and is equitably estopped from asserting all policy conditions precedent to coverage, and all other defenses to coverage, because State Farm's denial led to detrimental reliance by Plaintiffs, including but not limited to:

    a. After State Farm's claim adjuster informed Plaintiffs that under no circumstances would State Farm reverse its denial or reinspect the home, notwithstanding

the information that had been provided to State Farm by a building professional showing that the loss was covered, Plaintiffs had no choice but to retain counsel, thus incurring fees and costs associated with litigation;

    b.    Also, as State Farm refused to provide benefits for remediation, or assign a vendor to assist with remediation, given the urgency of the situation, Plaintiffs undertook their own remediation work to avoid further damage to the property, thereby incurring costs potentially in excess of what may have been charged by a preferred vendor assigned by State Farm.

**PRAYER FOR RELIEF**

Plaintiffs pray for judgment against State Farm and DOES 1 through 10 as follows:

1. For insurance policy benefits owing;
2. For consequential damages resulting from State Farm's and DOES' breach of the implied covenant of good faith and fair dealing, including but not limited to emotional distress, economic losses, attorney's fees and costs, and expert fees incurred by Plaintiffs in order to recover policy benefits;
3. For exemplary damages due to State Farm's and DOES' fraud, malice and/or oppression;
4. for trebling of exemplary damages pursuant to California Civil Code §3345;
5. For pre-judgment and post-judgment interest;
6. For costs of suit; and
7. For any such other relief the Court finds just and proper.

Date: March 3, 2026                          Kerley Schaffer LLP

/s/ Dylan Schaffer
BY: Dylan Schaffer
Attorneys for Plaintiffs

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |
| 2 | Plaintiffs request a jury trial. |

Date: March 3, 2026                              Kerley Schaffer LLP


/s/ Dylan Schaffer
BY: Dylan Schaffer
Attorneys for Plaintiffs